UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-553-FDW
(3:10-cr-69-FDW-1)

| | |
|---|---|
| SHIRLEY INGRAM, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Summary Judgment, (Doc. No. 11), which is construed as the operative Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, as well as several pending motions, (Doc. Nos. 2-11).

**I.  BACKGROUND**

Petitioner was charged by superseding indictment with: Count (1), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); and Count (2), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and 3559(c). (Crim. Case No. 3:10-cr-69-FDW, Doc. No. 25). A jury found Petitioner guilty of both counts.[1] (Id., Doc. No. 53).

The Presentence Investigation Report ("PSR") scored the base offense level for Count (1) as 14 because the offense was a violation of § 922. (Id., Doc. No. 68 at ¶ 14). Petitioner is an

---

[1] The jury found Petitioner guilty in Count (1) of alternative 2, that is, a Glock, but he was not convicted as to another firearm. See (Cr-DE# 87 at 2).

1

Armed Career Criminal because he had at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions: breaking and entering (76CR49165 & 76CR43321); breaking and entering and larceny (80CRS52187); preparation to commit burglary (83CR68062); second-degree kidnapping (87CRS18069); breaking and entering (87CRS18071); and breaking and entering (86CRS14807). Therefore, he is subject to an enhanced sentence under 924(e) and the total offense level is 33 pursuant to United States Sentencing Guidelines § 4B1.4. (Id., Doc. No. 68 at ¶ 33). As to Count (2), the guidelines for a violation of § 924(c) is the term of imprisonment is required by statute. (Id., Doc. No. 68 at ¶ 23). The PSR's criminal history section scores seven criminal history points, but a maximum of four points are counted under U.S.S.G. § 4A1.1(c), and the criminal history category is III. (PSR ¶ 50-51). However, Petitioner is an Armed Career Criminal so the criminal history category is IV. (PSR ¶ 51). The resulting guidelines range was: 188 to 235 months' imprisonment followed by at least two years but not more than five years of supervised release, and fines between $17,500 and $175,000. (PSR ¶¶ 121, 125, 130).

The Court adopted the PSR without change, adjudicated Petitioner guilty of Counts (1) and (2), and sentenced him to a total of 240 months' imprisonment comprised of 180 as to Count (1) and 60 months, consecutive, as to Count (2), followed by three years of supervised release. (Cr-DE# 79); see (Cr-DE# 80).

Petitioner argued on direct appeal that the Court erred by: (1) failing to suppress evidence found following third-party consent to search his vehicle; (2) denying his Rule 29 motion for judgment of acquittal; (3) designating him an Armed Career Criminal by relying on prior convictions that do not qualify as predicate offenses; and (4) imposing an ACCA sentence based on facts not alleged in the indictment and proved to a jury beyond a reasonable doubt. The Fourth

Circuit affirmed on January 8, 2015. United States v. Ingram, 597 Fed. Appx. 151 (4th Cir. 2015). It held regarding Petitioner's ACCA claim that its "recent decision in United States v. Mungro, 754 F.3d 267 (4th Cir. 2014), … holding that § 14-54(a) convictions qualify as ACCA predicate convictions, forecloses this argument…." Ingram, 597 Fed. Appx. at 153. The United States Supreme Court denied certiorari on June 8, 2015. Ingram v. United States, 135 S.Ct. 2823 (2015).

On April 27, 2015, Petitioner filed a "Request for an Indicative Ruling on this Motion for Relief that is Currently Barred by a Pending Appeal" in the criminal case, raising claims of trial court error and ineffective assistance of counsel. (Crim. Case No. 3:10-cr-69-FDW, Doc. No 96). On May 13, 2015, the Court issued an Order regarding its intent to recharacterize the motion as a § 2255 motion to vacate pursuant to Castro v. United States, 540 U.S. 375 (2003), and ordered Petitioner to respond within 30 days. (Id., Doc. No. 97). Petitioner filed a motion to withdraw his pleading, (Id., Doc. No. 98), which the Court granted on June 5, 2015, (Id., Doc. No. 102). Petitioner filed a notice of appeal with regards to the Castro order, which the Fourth Circuit dismissed for lack of jurisdiction on September 2, 2015. (Id., Doc. No. 99, 103, 107).

On September 8, 2015, Petitioner resubmitted his "Request for Indicative Ruling…," and filed a motion for leave to amend on September 22, 2015. (Crim. Case No. 3:10-cr-69-FDW, Doc. Nos. 106, 108); see (Id., Doc. No. 105). The Court mailed Petitioner a second Castro Order regarding recharacterization, (Crim. Case No. 3:10-cr-69-FDW, Doc. No. 109), and Petitioner responded by filing an Amended Rule 37 Motion. (Crim. Case No. 3:10-cr-69-FDW, Doc. No. 110). In it, he raises a number of claims of trial court error, and ineffective assistance of trial and appellate counsel. The Clerk opened the pleadings in the instant civil case as a § 2255 proceeding. See (Doc. Nos. 1-3).

On January 13, 2016, Petitioner filed a "Motion for Leave to File Supplemental Brief" in which he argued that a conviction under the North Carolina burglary statute, N.C. Gen. Stat. § 14-54, no longer qualifies for ACCA sentencing pursuant to Mathis v. United States, 136 S.Ct. 2243 (2016). (Doc. No. 7); (Crim. Case No. 3:10-cr-69-FDW, Doc. Nos. 111, 115); see also (Doc. No. 4) ("Motion for Leave to Supplement Brief"). On June 13, 2016, Petitioner filed a "Motion for Leave to File Supplemental Brief" in which he argued that his conviction for second-degree kidnapping cannot support ACCA sentencing pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 5).

Petitioner filed a letter seeking sentencing reduction that was docketed in the criminal case on June 28, 2016. (Crim. Case No. 3:10-cr-69-FDW, Doc. No. 112). The Court denied the motion to reduce sentence on July 6, 2016. (Id., Doc. No. 114).

Meanwhile, Petitioner filed motions to expedite and for the appointment of counsel in the § 2255 proceedings se. (Doc. Nos. 6, 8); (Crim. Case No. 3:10-cr-69-FDW, Doc. No. 116).

On May 11, 2017, Petitioner filed a "Request for Leave to Withdraw Prior Supplements and Replace With the Concurrently Filed Supplement" in which he seeks to withdraw and restate his Johnson claims. (Doc. No. 9). On June 20, 2017, he sought to withdraw his motion for leave to add a Johnson claim, as well as his motions to expedite and for the appointment of counsel. (Doc. No. 10).

On June 20, 2017, Petitioner filed the insant "Request for Summary Judgment," (Doc. No. 11), in which he seeks immediate release based on his Mathis claim that North Carolina burglary is not an ACCA predicate offense, and asks the Court to "ignore all other arguments and grounds raised in [his] § 2255." (Doc. No. 11 at 2).

4

## II. PENDING MOTIONS

Presently pending are motions: for leave to amend, correct, and/or supplement the § 2255 motion to vacate, (Doc. Nos. 2, 3, 4, 5, 7); to expedite the § 2255 proceedings, (Doc. No. 8); for the appointment of counsel, (Doc. No. 6); to withdraw prior pleadings, (Doc. Nos. 9, 10); and for summary judgment, (Doc. No. 11).

Petitioner's motion to withdraw (Doc. No. 10) is granted in part in that withdrawal of the motions to expedite, (Doc, No. 8), and for the appointment of counsel, (Doc. No. 6), is granted.

Petitioner's motions to amend, correct, and/or supplement (Doc. Nos. 2, 3, 4, 5, 7), and the remaining motions to withdraw, (Doc. Nos. 9, 10), are denied as moot in light of his decision to proceed solely on his Mathis claim. See (Doc. No. 11 at 2).

Petitioner's "Motion for Summary Judgment," (Doc. No. 11), is in the nature of an Amended § 2255 Motion to Vacate and it is construed as such. It will be addressed in the Discussion section, *infra*.

## III. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based

on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

IV. DISCUSSION

Petitioner contends that his North Carolina burglary convictions are not ACCA predicate offenses because the North Carolina statute is broader than the generic definition of burglary pursuant to Mathis v. United States, 136 S.Ct. 2243 (2016). He claims that resentencing without the ACCA enhancement would result in his immediate release.

It is well settled that a criminal defendant cannot "circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)); see also United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

Petitioner argued through counsel on direct appeal that his burglary convictions under N.C. Gen. Stat. § 14-54(a)[2] are not ACCA predicates. Specifically, he argued that Descamps v. United States, 133 S.Ct. 2276 (2013), undermines Fourth Circuit precedent[3] holding that a violation of § 14-54(a) categorically qualifies as an ACCA predicate because the North Carolina statute's "entry" element is broader than the corresponding element of generic burglary. The Fourth Circuit rejected

---

[2] The relevant subsection provides that "Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat. § 14-54(a).

[3] United States v. Bowden, 975 F.2d 1080 (4th Cir. 1992); United States v. Thompson, 588 F.3d 197 (4th Cir. 2009); United States v. Thompson, 421 F.3d 278 (4th Cir. 2005).

6

Petitioner's argument because its own recent decision in United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014), held that § 14-54(a), as interpreted by the North Carolina Supreme Court, "sweeps no more broadly than the generic elements of burglary."

Petitioner's suggestion that the Supreme Court's Mathis opinion changed the law that such that his sentencing claim should be reconsidered, is meritless. Mathis holds that statutes which enumerate various means of satisfying an element of the crime must not be broader than the generic form of the offense on their face, without resorting to Shepard[4] documents or the underlying facts. The North Carolina burglary statute is indivisible and, therefore, the formal categorical approach applies. See Mungro, 754 F.3d at 269 n.3. The statute does not enumerate alternative means of satisfying one of its elements and thus Mathis is inapplicable. Indeed, the Fourth Circuit reaffirmed after the Supreme Court issued Mathis that North Carolina burglary is categorically a crime of violence under ACCA. See United States v. Beatty, 2017 WL 3225644 (4th Cir. July 31, 2017).

Petitioner's argument that he does not qualify for ACCA sentencing is barred because the Fourth Circuit has already rejected it on the merits and there has been no change of law that would warrant its reconsideration. Therefore, § 2255 relief is denied.

V.      **CONCLUSION**

For the foregoing reasons, the Court construes Petitioner's "Motion for Summary Judgment" as the Amended § 2255 petition and dismisses and denies relief.

IT IS, THEREFORE, ORDERED that:

1.      Petitioner's "Motion for Summary Judgment" is construed as an Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 11), and is DISMISSED and DENIED.

---

[4] Shepard v. United States, 544 U.S. 13 (2005) (authorizing sentencing courts to scrutinize a restricted set of materials to determine the offense of conviction).

2. Petitioner's Motion to Withdraw, (Doc. No., 10), is GRANTED in part as to the Motion to Expedite, (Doc. No. 8), and the Motion for the Appointment of Counsel, (Doc. No. 6), and it is DENIED as moot in all other respects; and the remaining motions, (Doc. Nos. 2, 3, 4, 5, 7, 9), are DENIED as moot.

3. IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge