UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-553-FDW
(3:10-cr-69-FDW-1)

| | |
|---|---|
| SHIRLEY INGRAM, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> Vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | ORDER |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e), (Doc. No. 14). In it, Petitioner asks the Court to reconsider its Order denying his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, (Doc. No. 12).

A brief procedural history is necessary to place the instant Motion for Reconsideration in context.[1] A jury found Petitioner guilty in the underlying criminal case of possession of a firearm by a convicted felon and possession of a firearm in furtherance of a drug trafficking crime, and the Court sentenced him to a total of 240 months' imprisonment as an armed career criminal. (3:10-cr-69, Doc. Nos. 25, 53, 80). The Fourth Circuit Court of Appeals affirmed, United States v. Ingram, 597 Fed. Appx. 151 (4th Cir. 2015), and the United States Supreme Court denied certiorari on June 8, 2015, Ingram v. United States, 135 S.Ct. 2823 (2015).

---

[1] This discussion is not exhaustive. A more comprehensive procedural history is set forth in the Court's Order denying the § 2255 petition. (Doc. No. 12).

On September 8, 2015, Petitioner filed a *pro se* pleading in the criminal case that was recharacterized as a § 2255 Motion to Vacate following Castro[2] warnings. (Doc. No. 1). Petitioner filed a timely Motion to Amend on October 9, 2015, raising additional claims. (Doc. No. 3). He subsequently filed a number of motions and supplements in which he added claims and arguments including an illegal sentencing claim based on Johnson v. United States, 135 S.Ct. 2551 (2015), and Mathis v. United States, 136 S.Ct. 2243 (2016), (Doc. Nos. 5-6). He subsequently withdrew several of his motions and supplements. See (Doc. Nos. 9-10).

One June 20, 2017, Petitioner filed a "Request for Summary Judgment" in which he sought immediate release on his Johnson/Mathis claim and asked the Court to "**ignore all other arguments and grounds raised in [his] § 2255**." (Doc. No. 11 at 2-3) (emphasis added).

The Court granted Petitioner's request, addressed only his Johnson/Mathis claim, and denied relief on September 29, 2017. (Doc. No. 12).

Petitioner filed the instant Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) on October 20, 2017. (Doc. No. 14). He argues that reconsideration should be granted based on a clear error of law and to prevent a manifest injustice. He contends that his waiver in the Request for Summary Judgment only meant to withdraw his other *sentencing* claims, and attempts to reinstate the 10 claims raised in his Motion to Amend, (Doc. No. 3).

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v.

---

[2] Castro v. United States, 540 U.S. 375 (2003).

2

Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Petitioner timely filed the instant Motion for Reconsideration; however, he has failed to demonstrate any basis for relief. The Court addressed only his Johnson/Mathis claim based on his request that the Court "ignore **all other arguments and grounds** raised in Ingram's 2255." (Doc. No. 11 at 2-3) (emphasis added). The fact that he regrets his waiver now that his sentencing claim has been denied does not constitute an error of law or manifest injustice.

Petitioner has failed to show the existence of the limited circumstances under which a Rule 59(e) motion may be granted.

**IT IS, THEREFORE, ORDERED** that:

Petitioner's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e), (Doc. No. 14), is **DENIED**.

Signed: April 6, 2018

Frank D. Whitney
Chief United States District Judge