# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:15-cv-553-FDW
### (3:10-cr-69-FDW-1)

|                                  |     |          |
| -------------------------------- | --- | -------- |
| **SHIRLEY INGRAM, JR.,**         | )   |          |
|                                  | )   |          |
| **Petitioner,**                  | )   |          |
|                                  | )   |          |
| **vs.**                          | )   |          |
|                                  | )   | **ORDER** |
| **UNITED STATES OF AMERICA,**    | )   |          |
|                                  | )   |          |
| **Respondent.**                  | )   |          |
| _____ | )   |          |

**THIS MATTER** is before the Court on remand from the Fourth Circuit Court of Appeals for further consideration of Petitioner's 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. 1).

Petitioner filed his § 2255 Motion to Vacate on April 27, 2015. He subsequently filed a number of Motions seeking to add, delete, and restate the various claims. (Doc. Nos. 2, 3, 4, 5, 7, 9, 10). On June 20, 2017, Petitioner filed a Motion for Summary Judgment in which he asked the Court to "narrow[] the scope" of his Motion to Vacate to a single claim based on <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016). (Doc. No. 11 at 12). The Court construed the Motion as withdrawing all claims except for the <u>Mathis</u> claim and denied relief. (Doc. No. 12). Petitioner appealed and the Fourth Circuit reversed, finding that Petitioner's Motion for Summary Judgment conditioned the withdrawal of his remaining claims on the success of his <u>Mathis</u> claim. The Fourth Circuit has remanded for consideration of Petitioner's remaining claims.

Petitioner's numerous overlapping filings have left the Court in doubt about the claims upon which Petitioner seeks to proceed. To ensure that the Court considers all of the claims upon

which Petitioner seeks to proceed, Petitioner will be granted **twenty (20)** days to file a Superseding Amended § 2255 Motion to Vacate, signed under penalty of perjury, that complies with all applicable rules and procedures and includes all claims upon which Petitioner wishes to proceed. See, e.g., Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). Any claims not included in the Superseding Amended § 2255 Motion to Vacate will be waived. Failure to comply with this Order may result in this case's dismissal for lack of prosecution.

The Court will direct that the United States file an Answer or other responsive pleading in this case within **thirty (30)** days from the date when the Superseding Amended § 2255 Motion to Vacate is docketed or, if no Superseding Amended § 2255 Motion to Vacate is filed, within **sixty (60)** days of this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall file a Superseding Amended § 2255 Motion to Vacate within **twenty (20)** days from entry of this Order.

2. The United States Attorney shall file an Answer or other responsive pleading to Petitioner's Superseding Amended § 2255 Motion to Vacate, Set Aside, or Correct Sentence within **thirty (30)** days after the Superseding Amended § 2255 Motion to Vacate is docketed or, if no Superseding Amended § 2255 Motion to Vacate is filed, within **sixty (60)** days of this Order.

Signed: May 30, 2019

Frank D. Whitney
Chief United States District Judge

2