UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-553-FDW
(3:10-cr-69-FDW-1)

| | | |
|---|---|---|
| SHIRLEY INGRAM, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on *pro se* Petitioner's Motion for Bond and Release Pending Answer to Petition, (Doc. No. 25), and Motion for Appointment of C.J.A. Counsel, (Doc. No. 26), and on the Government's Motion for Extension of Time within which Respond to Petitioner's Superseding Amended Motion to Vacate pursuant to 28 U.S.C. § 2255, (Doc. No. 27).

First, Petitioner requests bond and release pending the Government's answer to his § 2255 petition because, if he is successful on any of the issues he has raised, the time he has served in prison will have exceeded the appropriate sentence. Federal courts have the authority to release a prisoner on recognizance pending the resolution of a post-conviction motion filed under 28 U.S.C. § 2255. See United States v. Elieley, 276 Fed. Appx. 270, 270-71 (4th Cir. 2008); see also 18 U.S.C. § 3145(b); Geddings v. United States, 2010 WL 2639920, at *2 (E.D.N.C. June 29, 2010) (noting federal courts have the power to release § 2255 petitioners pending the resolution of their motions). "Before a prisoner may be released on bail pending a collateral attack on his conviction, he must show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective."

1

Eliely, 276 Fed. Appx. at 270. Petitioner has not shown a high likelihood of success or exceptional circumstances, and therefore, his request for release on bond pending the Government's response to his § 2255 petition will be denied.

Petitioner requests the appointment of counsel because the issues in the § 2255 petition are novel or complex, Petitioner is not an attorney, and the case requires further investigation of his claims. There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may also appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). The Court finds that Petitioner has not shown that appointment of counsel is appropriate. The Court, therefore, denies Petitioner's motion to appoint counsel at this time.

Counsel for the Government requests a 14-day extension of time to file its response to Petitioner's 45-page petition. For good cause shown, the extension of time will be granted.

**IT IS HEREBY ORDERED** that:

(1) Petitioner's Motion for Bond and Release Pending Answer to Petition, (Doc. No. 25), is **DENIED.**

(2) Petitioner's Motion for Appointment of C.J.A. Counsel, (Doc. No. 26), is **DENIED.**

(3) Respondent's Motion for Extension of Time, (Doc. No. 27), is **GRANTED** until July 29, 2019.

Signed: July 18, 2019

Frank D. Whitney
Chief United States District Judge